IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY D. BELL,

        Petitioner,

      v.

JEFF PREMO, Superintendent,
Oregon State Penitentiary,

        Respondent.

Civil No. 6:14-cv-00217-PA

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On November 26, 1986, petitioner was convicted in Multnomah County on one count of first-degree burglary. On that same date, he was convicted in a separate Multnomah County case on one count each of first-degree burglary, second-degree assault, first-degree sodomy, and first-degree rape. The trial judge declared petitioner a "Dangerous Offender" under Or. Rev. Stat. § 161.725 and sentenced him to a series of concurrent and consecutive prison terms, with certain enhancements based on the "Dangerous Offender" finding.

On September 23, 1987, petitioner appeared before the Oregon Board of Parole and Post-Prison Supervision (the "Board") for his initial prison term hearing. At that hearing, the Board voted to "override one 180 month minimum, finding one 180 month minimum and aggravation [to be an] adequate sanction." Resp. Exh. 110. In so doing, the Board applied Or. Admin. R. 255-35-023(3) (1987), which permitted it to override "one or more" of the judicially imposed consecutive minimum sentences. The prior rule, Or. Admin. R. 255-35-022 (1985), which was in effect at the time Petitioner

2 - OPINION AND ORDER -

committed his crimes in 1986, required the Board to treat multiple
judicially imposed minimums as a "single unified minimum," and
thus override or uphold all of the judicially imposed minimum
consecutive changes. The Board set a parole consideration date of
May 13, 2001. Resp. Exh. 110. There is no indication petitioner
sought judicial review of that ruling.

In June 2011, petitioner filed a petition for writ of habeas
corpus in state court. Appointed counsel subsequently filed a
"replication," which became the operative pleading in that
proceeding. In the replication, petitioner asserted his current
confinement was unlawful because, *inter alia*, the Board "erred
when it use[d] current rules as opposed to the rules in existence
at the time [petitioner] was sentenced (an *ex post facto*
violation)," and that the Board "failed to use [t]he matrix rules
in effect when the [petitioner] was sentenced, an *ex post facto*
violation." Resp. Exh. 105, p. 2.

The state filed a motion to dismiss, which the trial judge
granted upon finding that there was "no genuine issue of any
material fact as to whether the parole board correctly applied the
applicable rules and statutes in determining [petitioner's] prison
term." Resp. Exh. 108. Petitioner appealed, arguing that the
Board violated its own rules when it calculated his sentence; the
Board erred by applying the 1987 rule to uphold one of
petitioner's minimum term while overriding another. Petitioner

expressly stated he was *not* asserting a constitutional claim.   The
Oregon Court of Appeals affirmed the habeas trial court's judgment
without opinion, and the Oregon Supreme Court denied review.   *Bell
v. Premo*, 258 Or. App. 682, 311 P.3d 1252, *rev. denied*, 354 Or.
490, 317 P.3d 255 (2013).

On February 11, 2014, petitioner filed his Petition for Writ
of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this court.
Petitioner alleges the Board violated his right to be free from *ex
post facto* punishment when it set his prison term.   Respondent
contends habeas corpus relief should be denied because the
petition is untimely, because petitioner procedurally defaulted
his *ex post facto* claim, and because petitioner is not entitled to
relief on the merits.

## DISCUSSION

### I.   Timeliness

A one-year statute of limitations applies to petitioner's
habeas petition. It begins to run on the date on which the
judgment becomes final by the conclusion of direct review or the
expiration of the time for seeking direct review. 28 U.S.C. §
2244(d)(1).   For habeas claims challenging state administrative
actions, the limitations period begins to run on "the date on
which the factual predicate of the claim or claims could have been
discovered through the exercise of due diligence."   28 U.S.C. §

2244(d)(1)(D); *Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004). For a petitioner challenging a parole board decision in Oregon, "the federal statute begins to run when the parole administrative process is final." *Wrenn v. Nooth*, 2011 WL 5999263 (D. Or., Nov. 7, 2011) (citations omitted).

Here, the Board action petitioner challenges occurred during his September 1987 initial prison term hearing when the Board overrode one, but not both, of petitioner's 180-month minimum consecutive sentences. Petitioner could have discovered the factual predicate of his claim at that time. Petitioner's current habeas petition falls well outside the one-year limitations period and, as such, is untimely. Because petitioner presents no evidence to excuse his untimely filing, habeas corpus relief must be denied. Further, as discussed below even if the petition is deemed timely, however, petitioner is not entitled to habeas relief.

## II. Procedural Default

It is well settled that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by "fairly presenting" his federal claims to the appropriate state courts. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Exhaustion is satisfied if petitioner invokes "one complete round" of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a state prisoner fails to fairly present his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008), *cert. denied*, 555 U.S. 1141 (2009). Habeas review of procedurally defaulted claims is precluded absent a showing of cause and prejudice, or that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

At the trial level of his state habeas corpus proceedings, petitioner argued the Board committed an *ex post facto* violation by applying the 1987 rules to override one of his minimum consecutive terms of imprisonment. Before the Oregon Court of Appeals, however, petitioner argued only that the Board "violated its own rules when it calculated [his] sentence." Resp. Exh. 110, p. 10. Moreover, petitioner explicitly disclaimed any intention of making a federal *ex post facto* claim, and acknowledged that the Ninth Circuit Court of Appeals had declined to find that the Board's action in a similar case amounted to a facial violation of the *Ex Post Facto* Clause. *See Nulph v. Faatz*, 27 F.3d 451 (9th Cir. 1994).

Petitioner did not present the federal basis of his claim before this Court to the Oregon appellate courts. Accordingly, he failed to exhaust the claim. Because petitioner can no longer present the claim in state court, it is procedurally defaulted. Petitioner presents no evidence of cause and prejudice to excuse his procedural default, or that failure to consider the ground will result in a fundamental miscarriage of justice. As such, habeas corpus relief is precluded. In the alternative, as set forth below, petitioner's claim fails on the merits.

## III. Relief on the Merits

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Petitioner bears the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

The *Ex Post Facto* Clause of the U.S. Constitution bars "enactments, which by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*,

529 U.S. 244, 249-50 (2000); *Cal. Dep't. of Corr. v. Morales*, 514 U.S. 499, 508-509 (1995).  It is well settled that retroactive changes in laws governing the parole of prisoners, in some instances, may violate the *Ex Post Facto Clause*.  *Garner*, 529 U.S. at 250; *Morales*, 514 U.S. at 508-09; *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003); *Nulph*, 27 F.3d at 455.

The Supreme Court has recognized, however, the inherent difficulty in determining whether retroactive application of a particular change in parole violates the *Ex Post Facto* Clause given the discretionary nature of parole board decisions.  *Garner*, 529 U.S. at 250.  The Court has cautioned that "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited" and there is no "single formula for identifying which legislative adjustments, in matters bearing on parole, would survive an *ex post facto* challenge."  *Garner*, 529 U.S. at 250 & 252; *Morales*, 514 U.S. at 508-09; *Brown v. Palmateer*, 379 F.3d 1089, 1093 (9th Cir. 2004).  The question is a matter of degree, and the controlling inquiry is whether retroactive application of the change in the law creates a "sufficient risk of increasing the measure of punishment" attached to the petitioner's crime.  *Garner*, 529 U.S. at 250; *Morales*, 514 U.S. at 509; *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106 (9th Cir. 2011).

8 - OPINION AND ORDER -

Here, to the extent the state habeas trial court considered petitioner's *ex post facto* claim, the denial of relief was not objectively unreasonable.  The Board did apply a rule or law to petitioner retrospectively.  However, as the Ninth Circuit Court of Appeals explained in *Nulph*, that particular rule did not constitute a "facial violation of the *Ex Post Facto* Clause." *Nulph*, 27 F.3d at 456-57.  Moreover, in order to succeed on a claim that the rule was detrimental to him, as applied, the Court in *Nulph* explained that the petitioner "would be required to show that he would have received a shorter prison term under the old rule (in other words, that the Board would have struck all [the] judicially-imposed minimums under the all-or-nothing rule)." *Id.* at 457.  Petitioner presented no such evidence to the state habeas trial court, and presents no such evidence here.

The state habeas court decision denying relief on petitioner's *ex post facto* claim was not contrary to or an unreasonable application of clearly established federal law.  As such, petitioner is not entitled to habeas corpus relief in this court on the merits of his claim.

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

9 - OPINION AND ORDER -

The court DENIES a certificate of appealability as petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___10___ day of July, 2015.

Owen M. Panner
United States District Judge